UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES EARLY**                                    **CIVIL ACTION**

**VERSUS**                                           **NUMBER 10-588-BAJ-DLD**

**RONALD MCCLURE, ET AL**

## ORDER

The court *sua sponte* notes the potential insufficiency of the allegations of defendant, Great West Casualty Company, supporting subject matter jurisdiction in this removed case. In order to establish that the court has subject matter jurisdiction over this removed action, the defendant must prove that the court has diversity jurisdiction or federal question jurisdiction.  See 28 U.S.C. §1441.  In this case, the defendant seeks to remove based on diversity jurisdiction.

In order to establish diversity jurisdiction, defendant must show that the parties are diverse and that the amount in controversy exceeds $75,000.  See *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party.  See 28 U.S.C. §1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The state of incorporation and principal place of business of **Great West Casualty Company** is not provided.

Additionally, the court *sua sponte* notes that the removal complaint states that "on information and belief, and based upon plaintiff's petition for damages, the amount in controversy exceeds $75,000 exclusive of interest and costs" (rec. doc. 1-1).  However, the plaintiff's petition alleges "that the total value of his claim does not exceed $75,000 (rec. doc.

1-3). Defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **November 5, 2010**, the defendant, Great West Casualty Company, shall file an amended notice of removal providing its citizenship by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

**IT IS FURTHER ORDERED** that the defendant, Great West Casualty Company, shall file a memorandum concerning subject matter jurisdiction on or before **November 16, 2010,** and that plaintiff shall file a memorandum concerning same on or before **December 6, 2010.** The parties' memoranda shall address the amount in controversy.

Signed in Baton Rouge, Louisiana, on October 27, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**